IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MOSES SOUCHET *as Executor of the*
*Estate of Victoria and Juanita Souchet, deceased,*

                Plaintiff

v.                                                             CIV 12-0645 KBM/LFG

J.P. MORGAN CHASE BANK, N.A.,
WELLS FARGO BANK, N.A., CHASE
BANK, N.A., GRAVELLE MORTGAGE
COMPANY and TODD GRAVELLE ,

                Defendants.

## ORDER OF DISMISSAL

This matter is before the court *sua sponte* to consider Plaintiff's failure to respond to the Court's order entered October 22, 2012, which required that he effect service or provide the Court with a written explanation why service has not been effected. Because Plaintiff has not responded, I find a manifest lack of interest in litigating his claims.

As previously noted, the Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for want of prosecution. *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43 (1976); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-302 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855 ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules.").

Wherefore,

**IT IS HEREBY ORDERED THAT** Plaintiff's Complaint is DISMISSED without prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE